TRANSIT COMMISSION, Being the METROPOLITAN DIVISION OF THE DEPARTMENT OF PUBLIC SERVICE, Appellant, v. THE LONG ISLAND RAILROAD COMPANY, Respondent; THE CITY OF NEW YORK, Appellant-Intervenor.— Motions for leave to appeal to the Court of Appeals granted. [See ante, p. 448.] The following question is certified: On the records, was The Long Island Railroad Company guilty of a contempt? Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

ALLIE M. WARD, Appellant, v. CHARLES F. WARD, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

ANNA T. HAVERSTICK, Respondent, v. CLARENCE HANSEN & SONS, INC., Appellant.— In an action brought to recover damages for personal injuries sustained by the plaintiff when she stepped on a broken grating in front of her own private dwelling and fell to the cellar, judgment in favor of the plaintiff on a verdict of a jury reversed on the law, with costs, and complaint dismissed, with costs. The inferences to be drawn from the facts established were within the province of the jury, and clearly the jury, under the proof here, was justified in finding that the iron grating was broken by the defendant's employees. The defendant, however, having finished its work and left the premises at least two days before the accident, is not liable in tort where it is not in occupation or control of the property. Furthermore, the plaintiff is charged with the knowledge acquired by her representatives, who were the sole occupants of the house and in charge of it, and the defendant was not bound to anticipate any danger to plaintiff from the condition the premises were left in by its employees. Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result; Taylor, J., dissents and votes to affirm.

In the Matter of the Application of THE CITY OF MOUNT VERNON, Petitioner, to Acquire Title to Lands of KAMY REALTY CORPORATION and Others, Respondents. FLEETWOOD TERRACE, INC., Appellant; EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent.— Order directing the treasurer of Westchester county to pay to respondent Emigrant Industrial Savings Bank a certain award in condemnation proceedings, and order denying cross-motion by appellant and its assignee to have the award paid to them, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.